### STATE v. MANSON MARABLE.

(Filed 20 September, 1911.)

**Larceny and Receiving—Evidence—Questions for Jury.**

Tried for larceny of tin, there was evidence tending to show that the prosecutor had been missing the tin from his shop and

that he found it on defendant's house and identified it by its marking. Defendant's statements to prosecutor were contradictory as to where he got the tin. Upon the stand the defendant testified he got the tin from an entirely different person from those he had told the prosecutor of, and this person testified he had gotten it from a dead man: *Held*, evidence sufficient to go to the jury upon the question of knowingly receiving stolen property.

APPEAL from *Ferguson, J.,* at January Term, 1911, of PITT.

The defendant was indicted for larceny of some tin, and a count in the bill for receiving the tin knowing it to have been stolen. There was a verdict of guilty of receiving the tin knowing it to have been stolen, and judgment imprisoning defendant for four months, to be worked on the roads of Pitt County, from which judgment the defendant appealed to the Supreme Court.

*Attorney-General T. W. Bickett and Assistant Attorney-General G. L. Jones for the State.*
*Julius Brown for defendant.*

BROWN, J. The only question presented for our consideration is the sufficiency of the evidence submitted to the jury.

The evidence tends to prove that the prosecutor Jenkins had been missing tin from his shop; that in searching for the tin he found it on defendant's house. Prosecutor identified the tin by certain marks and there was corroborative evidence in support of such identification. The evidence also shows that defendant told the prosecutor and another witness that he got the tin from Sears, Roebuck & Co. The prosecutor proposed to go with defendant to the railroad office and examine the books, but the defendant declined to go, and then said that he got the tin from a man near the railroad, and he would rather pay for it than to tell the man's name or have any trouble about it, and he did pay the prosecutor $15 for the tin.

On the trial the defendant testified that he got the tin, not from Sears, Roebuck & Co., nor from a man who lived near the depot, but from one Edmundson, and Edmundson said that he got it from a dead man.

The court charged the jury that the fact that the tin was found in the defendant's possession did not create a presumption of guilt under the circumstances of this case, but that it was a circumstance which, taken with all the other evidence, must satisfy the jury beyond a reasonable doubt.

We see no error in this of which the defendant can justly complain. If erroneous, it was in defendant's favor. The finding of the tin in defendant's possession, together with the different and conflicting statements made by defendant in attempting to account for its possession, warranted the judge in submitting the question of defendant's guilt to the jury.

No error.